
FILED
OCT 2 6 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | * | CR 12-30034-01-RAL |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DENYING MOTION TO |
| ANTHONY FAST HORSE, | * | SEVER COUNTS AND |
| | * | DEFENDANTS FOR TRIAL |
| Defendant. | * | |

Defendant Anthony Fast Horse was indicted with co-defendant Ina Crow Dog on March 13, 2012. The indictment contains five counts against Fast Horse. Counts I and II allege sexual abuse and aggravated sexual abuse and aiding and abetting by Fast Horse and Crow Dog on October 30, 2011, at Rosebud, of alleged victim K.C. Counts III, IV, and V allege sexual abuse, aggravated sexual abuse, and aiding and abetting against Fast Horse and Crow Dog involving conduct whereby Fast Horse allegedly sexually abused Q.L.E. The alleged sexual abuse of Q.L.E. occurred at Rosebud, allegedly between May 1, 2010 and August 31, 2010 under Count III, between December 1, 2010 and December 31, 2010 under Count IV, and between August 25, 2011 and August 28, 2011 under Count V.

On October 12, 2012, Fast Horse filed a Motion to Sever Counts and Defendants for Trial. Doc. 105. The Government resisted, filing its resistance under seal. Doc. 114. In its resistance, the Government provided information that the alleged sexual abuse of K.C. occurred under circumstances very similar to the alleged instances of sexual abuse of Q.L.E. K.C. and Q.L.E. are half sisters and both allegedly experienced sexual abuse by Fast Horse in which Crow Dog aided and abetted in very much the same manner.

According to the Government, when interviewed, Fast Horse neither confirmed nor denied having sexual contact with K.C. When interviewed, Crow Dog indicated that K.C. wanted to engage

in consensual sexual contact with Fast Horse and believed that the two in fact had consensual sexual intercourse.

Fast Horse initially argues that the counts involving alleged victim K.C.—Counts I and II—ought to be severed from Counts III, IV, and V involving alleged victim Q.L.E. Rule 8(a) of the Federal Rules of Criminal provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441-42 (8th Cir. 2010); United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005).

Here, Counts I and II were properly joined with Counts III, IV, and V. The charges of sexual abuse, aggravated sexual abuse, and aiding and abetting in Counts I and II are similar in character to those offenses alleged in Counts III, IV, and V. See Fed. R. Crim. P. 8(a). The alleged sexual assaults on Q.L.E. by Fast Horse occurred in 2010 and through as late as August 28, 2011. The alleged sexual assaults of K.C. occurred close in time, on October 30, 2011. Both alleged victims are related to the co-defendant Crow Dog, Crow Dog was present during the alleged assaults, Fast Horse engaged in the same alleged conduct of removing pants and panties and inserting his penis into the alleged victims' vaginas while they were sleeping or just waking up, and Crow Dog allegedly said the same sort of thing while witnessing the alleged assaults.

Fast Horse argues that, even if the claims are properly joined, joinder is prejudicial under Rule 14(a) of the Federal Rules of Criminal Procedure. Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). However, the United States Court of Appeals for the Eighth Circuit repeatedly has recognized that "no prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." McCarther, 596 F.3d at 442; see also United States. v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Here, under Rule 413 of the Federal Rules of Evidence, even if the allegations involving K.C. were severed from those involving Q.L.E., the testimony of the alleged other victim in all probability would be admissible in each separate trial. Rule 413(a) provides: "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." See also Fed. R. Evid. 414(a). The similarity in time, mode of the sexual assault, and relationship to the victim would militate heavily in favor of admission of evidence of Q.L.E.'s alleged sexual assault in any trial involving K.C.'s alleged sexual abuse and aggravated sexual abuse, and vice versa. See United States v. Holy Bull, 613 F.3d 871, 873-74 (8th Cir. 2010) (upholding admission of Rule 413 evidence when "[t]he testimony of the prior victim revealed a pattern of abuse quite similar to the abuse alleged in the indictment.").

Fast Horse would need to show "severe prejudice" to establish that there was an abuse of discretion in failing to sever the claims. United States v. Crouch, 46 F.3d 871, 875 (8th Cir. 1995); United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." United States v. Koskela, 86 F.3d 122, 126 (8th Cir. 1996). Fast Horse can make no such showing, because the testimony of Q.L.E. almost certainly would be admissible in a case where the contentions of K.C. are being tried, and vice versa.

3

Fast Horse next argues that his trial should be severed from that of Crow Dog. Fast Horse fears that the Government will introduce statements made by Crow Dog as evidence against him and asserts that, if Crow Dog does not testify, his constitutional right of confrontation would be violated under Bruton v. United States, 391 U.S. 123 (1968). Id. at 127 (holding that where co-defendant's confession was admitted at joint trial and co-defendant did not take the stand, defendant was denied his constitutional right of confrontation); see also U.S. CONST. amend. VI. The Government maintains that any statements made by Crow Dog "can be redacted to eliminate any reference to Fast Horse and his existence," and thus "would be admissible under Richardson v. Marsh," 481 U.S. 200 (1987) even if Crow Dog refuses to testify at trial. Doc. 114 at 12. In Richardson v. Marsh, the Supreme Court of the United States determined that admission at trial of a non-testifying co-defendant's confession "with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence" does not violate the defendant's constitutional right of confrontation. 481 U.S. at 211.

Rule 8(b) of the Federal Rules of Criminal Procedure states that co-defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." The indictment, together with the additional information furnished by the Government, makes clear that Fast Horse and Crow Dog are "alleged to have participated in the same act or transaction" with respect to both K.C. and, at an earlier time, Q.L.E. The Supreme Court has recognized, in a case in which it upheld a joint trial of defendants:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." Richardson v. Marsh, 481 U.S. at 209. They promote efficiency and "serve the interests of justice by avoiding the scandal

4

and inequity of inconsistent verdicts." Id. at 210. For these reasons, we repeatedly have approved of joint trials.

Zafiro v. United States, 506 U.S. 534, 537 (1993). The Supreme Court in Zafiro recognized that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. at 540. Rather, a district court is to grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. The Supreme Court in Zafiro gave some illustrations of instances that may merit severance. Id. None of those instances apply here.

This Court is conscious of the need to safeguard the Confrontation Clause rights of Fast Horse under the Bruton decision. Richardson v. Marsh and its progeny provide a means where a joint trial may proceed, even when a co-defendant has made a statement that might, by reference to other evidence, implicate the defendant. See e.g., United States v. Logan, 210 F.3d 820 (8th Cir. 2000). The extent to which Crow Dog's statements may be admissible or how to redact them so that they might be admissible at a joint trial strike this Court as issues for trial and not ones justifying severance of the trial of Fast Horse from that of Crow Dog.

Therefore, for the reasons discussed above, it is hereby

ORDERED that the Motion to Sever Counts and Defendants for Trial, Doc. 105, is denied.

Dated October 26th, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE